IN THE UNITED STATES DISTRICT COURT
FOR THE DISTIRCT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joshua Terrell Johnson, | Civil Action No. 8:22-cv-3767-SAL-PJG |
| Plaintiff, | |
| v. | **Order Adopting [10] Report and Recommendation** |
| Tenth Circuit Unknown Court Officers; Anderson County Sheriffs / Deputies Unknown; Liability Insurance Provider, | |
| Defendants. | |

This matter is before the court on the Report and Recommendation (Report) of Magistrate Judge Paige J. Gossett made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 10.] In the Report, the magistrate judge recommends that this case be dismissed without prejudice and without issuance and service of process. *Id.* at 4. For the reasons set forth below, the court adopts the Report in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, a pro se state pretrial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983 against unknown court officers, unknown sheriff's deputies, and an unknown liability insurance provider. [ECF No. 1.] Plaintiff alleges that between April 2020 and May 2022, he was arrested without a warrant having been issued, but police later obtained a frivolous warrant through perjury after illegally searching and seizing his persons and property. [ECF No. 1 at 5.] He also alleges he suffered a traumatic brain injury, gunshot wounds, multiple fractures, contusions, lacerations, and spiritual, mental, emotional, and physical anguish. *Id.* at 6. Plaintiff seeks injunctive relief to enforce his constitutional and civil rights, an order of protection and restraint

"for all involved," leave to file criminal charges, and $13 Million in damages and witness protection. *Id*.

The magistrate judge reviewed the complaint under 28 U.S.C. §§1915 and 1915A. *Id*. at 2. Section 1915A requires, and section 1915 allows, a district court to dismiss a case upon finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Based on her review, the magistrate judge recommended this case be dismissed without prejudice and without issuance of service of process because "nothing in the Complaint plausibly alleges a claim on which relief can be granted." *Id.* at 3. Specifically, the magistrate faulted Plaintiff for naming unknown groups in place of actual defendants, making conclusory statements that his arrest was unlawful, and failing to allege facts connecting his injuries to the purportedly unlawful arrest. *Id*. at 3-5.

Attached to the Report was a notice of right to file objections. *Id*. at 5. Plaintiff timely filed his objections. [ECF No. 12] This matter is now ripe for ruling.

## STANDARD OF REVIEW

The court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the

Report, this court need not explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond v. Colonial Life Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The court has thoroughly reviewed Plaintiff's Objection, ECF No. 12. Despite spanning fifty-four pages, the court finds Plaintiff fails to raise specific objections to the Report. Instead, Plaintiff recites conclusions of law and fails to identify any individuals or entities that may be found liable under Section 1983. He does not provide any facts or context of the alleged assault, nor does he identify who allegedly assaulted him.

Rather than responding to the magistrate judge's findings, Plaintiff complains that the Anderson County Clerk of Court and solicitor's office have "blatantly denied him" his right to file motions. *Id*. at 7. However, Plaintiff's objection contains copies of filings and correspondence from the Anderson County Clerk of Court showing they have filed numerous documents submitted by Plaintiff. *Id*. at 15-25. Plaintiff includes over twenty pages of xeroxes of the Bill of Rights and definitions of phrases such as "police misconduct" and "unconstitutional prison conditions" from online reference websites. *Id*. at 30-54. Plaintiff also asks the court to please send someone from the DOJ "to allow me to report the crimes against me." *Id*. at 1.

Mr. Johnson has failed to make a specific objection to the findings in the Report. In the absence of specific objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 10, and incorporates the Report by reference herein. Accordingly, this case is **DISMISSED without prejudice and without issuance of service of process**.

**IT IS SO ORDERED**.

June 20, 2023  /s/Sherri A. Lydon
Florence, South Carolina  Sherri A. Lydon
  United States District Judge